IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALINA DALE LAMEY                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 1:15cv349-HSO-FKB

UNKNOWN BANKS, Warden                                                         DEFENDANT

## REPORT AND RECOMMENDATION

Alina Dale Lamey is a state inmate in the custody of the Mississippi Department of Corrections. She filed this petition pursuant to 28 U.S.C. § 2254 attacking her state court conviction. The undersigned concludes that Lamey's claims have been procedurally defaulted and therefore recommends that the petition be dismissed with prejudice.

In 2014, Lamey entered a plea of guilty to the charge of second degree murder in the Circuit Court of Pearl River County, Mississippi, and was sentenced to a term of 25 years. [11-1]. Thereafter, she filed in the trial court a motion for post-conviction relief (PCR), arguing that her plea had been involuntary and that she had received ineffective assistance from her attorney. [11-2]. The court denied the motion by order entered June 5, 2015. [8-1]. In the present petition, Lamey asserts the same grounds for relief as those presented in her PCR motion.

Before federal habeas relief may be granted, a prisoner must properly exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Lamey presented her claims to the state trial court in her PCR motion. However, once her motion was denied, she failed to file an appeal to Mississippi's highest court. Thus, she never met the exhaustion requirement for her claims. Furthermore, it is clear that there is no longer any avenue of relief available to her in state court: Any additional PCR motion regarding her guilty plea would be time-barred pursuant to Miss. Code Ann. § 99-39-5(2) and would also be barred as successive pursuant to Miss. Code Ann. § 99-39-23(6).

Where a state prisoner has defaulted her federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Thus, because Lamey's claims would now be procedurally barred in state court, they have been procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider her claims would result in a fundamental miscarriage of justice. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Lamey has attempted to establish cause for her default by arguing that she did not receive adequate assistant from the Inmate Legal Assistance Program. Specifically, she states that after her PCR motion was denied, she "constantly asked for ways to appeal" but received only the standard habeas corpus information package in response.

2

[12] at 2. But in order to show cause, Lamey must establish "that an external factor objectively impeded [her] ability" to file a timely appeal. *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008) (citing *Coleman*, 501 U.S. at 753). Lamey's general allegation that she received inadequate assistance falls short of this standard. Thus, she cannot claim the benefit of the cause-and-prejudice exception.

Lamey has likewise made no showing that failure to consider her claims would result in a fundamental miscarriage of justice.

For these reasons, the undersigned concludes that Lamey has procedurally defaulted her federal claims and recommends that her petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of August, 2017.

<u>s/ F. Keith Ball</u>
United States Magistrate Judge