# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ALINA DALE LAMEY                                             PLAINTIFF

v.                                             CIVIL NO.: 1:15cv00349-HSO-FKB

UNKNOWN BANKS, Warden                                 DEFENDANT

## ORDER OVERRULING PETITIONER'S OBJECTION [18], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [17], AND DISMISSING PETITION

BEFORE THE COURT is Petitioner Alina Dale Lamey's ("Lamey") Objection [18] to the Report and Recommendation [17] of United States Magistrate Judge F. Keith Ball. After thoroughly reviewing the Report and Recommendation and the position advanced by Lamey, the Court finds that Lamey's Objection should be overruled and that the Magistrate Judge's Report and Recommendation should be adopted as the finding of the Court.

## I. BACKGROUND

On October 21, 2015, Lamey filed a Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On August 23, 2017, the Magistrate Judge issued his Report and Recommendation, recommending that Lamey's Petition be dismissed with prejudice. R. & R. [17] at 1. The Magistrate Judge reviewed Lamey's Petition and concluded that Lamey "never met the exhaustion requirement for her claims" because "she failed to file an appeal to Mississippi's highest court" and "it is clear that there is no longer any avenue of relief available to her in state court." *Id.* at 2. The Magistrate Judge next

addressed Lamey's argument that the cause for her default was that she received inadequate assistance from the Inmate Legal Assistance Program. *Id.* The Magistrate Judge found that Lamey's general allegation did not establish cause for her default and prejudice, and that Lamey made no showing that failure to consider her claims would result in a fundamental miscarriage of justice. *Id.* at 3.

## II. DISCUSSION

A. Standard of Review

This Court conducts a *de novo* review of those portions of the report or specified proposed findings or recommendations to which Lamey objects. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)). However, the district court need not "reiterate the findings and conclusions of the magistrate judge." *Id.* Nor must it consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). With respect to those portions of the Report and Recommendation to which Lamey does not object, the Court reviews those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B. Analysis

Lamey does not object to the Magistrate Judge's finding that she failed to exhaust her remedies in state court. Furthermore, that finding is not clearly erroneous. Lamey objects to the Magistrate Judge's findings that: 1) she failed to show cause for and prejudice from the default; and 2) failure to consider her claims

2

would not result in a fundamental miscarriage of justice. Lamey alleges that before the state trial court denied her motion for post-conviction relief ("PCR"), she asked the Inmate Legal Assistance Program "many times what to do if I was denied," but she "was either ignored, forgotten, or sent a habeas corpus packet." Obj. [18] at 4.

"A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). In order to demonstrate cause, the habeas petitioner must "show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citation and internal quotation marks omitted). Examples of these objective factors include "interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Id.* at 494 (citation and internal quotation marks omitted).

Lamey's allegations do not show sufficient cause for why she did not appeal the denial of her PCR motion to the state's highest court. Moreover, Lamey has not shown that failure to consider her claims would result in a "fundamental miscarriage of justice" because she does not establish that she is "actually innocent" of the offense for which she was convicted. *Reed v. Stephens,* 739 F.3d 753, 767 (5th Cir. 2014).

The Court finds that the Magistrate Judge properly recommended that Lamey's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. The Report and Recommendation will be adopted as the opinion of this Court.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Alina Dale Lamey's Objection [18] filed in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [17] of United States Magistrate Judge F. Keith Ball entered in this case on August 23, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.   A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 17th day of October, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE